IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OMAR SAN ANTONIO-TRINIDAD,

    **Plaintiff**,

             **v.**                **CIVIL NO.** 10-1628 (FAB)

MARRIOTT P.R. MANAGEMENT
CORPORATION, *et al.*,

    **Defendant.**

MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

## I.   Background

On June 28, 2010, plaintiff Omar San Antonio-Trinidad filed a complaint in the Court of First Instance of Puerto Rico, San Juan Superior Division, alleging that his employer, Marriott P.R. Management Corporation ("defendant"), had violated the Puerto Rico Work Days and Hours Act, Laws of P.R. Ann., tit. 29 § 271; the Minimum Wage Act, Laws of P.R. Ann., tit. 29 § 250; and Law 80, Laws of P.R. Ann., tit. 29 § 185.  (Docket No. 7-1.)

On July 8, 2010 defendant removed the case from Commonwealth Court to federal court on the grounds that plaintiff's complaint contained claims arising under two federal statutes - the Fair

---

[1] Hannah L. Miller, a second-year student at University of Michigan Law School, assisted in the preparation of this Opinion and Order.

Civil No. 10-1628 (FAB)                                                    2

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the

Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§ 1001 *et seq.*  (Docket No. 1.)

On July 13, 2010, plaintiff filed a motion to remand the case

to Commonwealth Court, and on March 24, 2011, the Court granted

plaintiff's motion, remanding the case for lack of subject matter

jurisdiction.  (Docket Nos. 6 and 10.)

Before the Court is plaintiff's motion for attorney's fees and

other sanctions.  (Docket No. 13.)  Plaintiff argues that attorneys

for the defendant improperly and unreasonably filed the notice of

removal, which resulted in "frivolous and vexatious" litigation.

(Docket No. 13 at 7.)  Defendant, however, contends that the filing

of the notice of removal was justified by the substance of the

allegations contained in the complaint filed in the Commonwealth

Court, and that the Court should therefore not award attorney's

fees or impose sanctions on defendant's attorneys.   (Docket

No. 16.)

## II.  Legal Analysis

### A.   Standard for Awarding Attorney's Fees and Imposing Sanctions

Under the "American Rule", parties ordinarily bear all of

their costs of litigation. Mullane v. Chambers, 333 F.3d 322, 337-

38 (1st Cir. 2003).  Attorney's fees may be awarded, however, when

Civil No. 10-1628 (FAB)                                                    3

a   court   determines   that   a   party   has   "acted   in   bad   faith,

vexatiously,   wantonly,   or   for   oppressive   reasons,"   or   when   the

relevant   statute   specifically   authorizes   the   court   to   award

attorney's   fees.    Chambers v. NASCO, Inc., 501 U.S. 32, 45-46

(1991); Mullane, 333 F.3d at 337-38.    The **removal statute**, the

relevant statute in this case, provides that, "[a]n order remanding

the case [to the state court from which it was removed] may require

payment of just costs and any actual expenses, including attorney

fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).

Thus, the Court is statutorily authorized to award attorney's fees

if it determines the award to be appropriate.   The Supreme Court

has provided, however, that "courts may award attorney fees under

§ 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal."   Martin v. Franklin Capital

Corp., 546 U.S. 132, 141 (2005).

        In addition to its request for attorney's fees, plaintiff

requests that the Court impose sanctions directly on defendant's

counsel.    (Docket No. 13.)    Sanctions may be imposed on any

attorney   "who   so   multiplies   the   proceedings   in   any   case

unreasonably and vexatiously."   28 U.S.C. § 1927.   "A finding of

subjective bad faith" is not required as a prerequisite for the

imposition of sanctions. Cruz v. Savage, 896 F.2d 262, 631-32 (1st

Cir. 1990).   Thus, for sanctions to be warranted, the Court must

Civil No. 10-1628 (FAB)                                                    4

first establish that defendant's attorneys unreasonably caused

excessive and extraneous litigation.  See 28 U.S.C. § 1927.

        If defendant had an objectively reasonable basis for

removing the case to federal court, it would be inappropriate for

the Court to award attorney's fees or assess sanctions directly

against defendant's attorneys.  See Martin, 546 U.S. at 141; 28

U.S.C. § 1927.

B.    Standard for Removal to Federal Court

        The removal statute allows a defendant to remove a case

to federal court only when the action could have originally been

filed in federal court.  28 U.S.C. § 1441.  As summarized in the

Court's opinion and order remanding this case:

> Federal courts have original jurisdiction over
> cases "arising under the Constitution, laws,
> or treaties of the United States."  28 U.S.C.
> § 1331.  "A case arises under federal law for
> purposes of removal when the plaintiff's right
> to relief necessarily depends on resolution of
> a substantial question of federal law."
> Rossello v. Calderon, 398 F.3d 1, 12 (1st Cir.
> 2007) (internal citations omitted).

(Docket No. 10 at 2-3.)

        Generally, a complaint must contain a readily apparent

federal claim for federal question jurisdiction to exist.  BIW

Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997).  An

exception lies, however, with respect to certain areas of law that

Congress has deemed exclusively federal.  See Metropolitan Life

Civil No. 10-1628 (FAB)                                                5

Ins. Co. v. Taylor, 481 U.S. 59, 64-5 (1987) ("Congress may so
completely pre-empt a particular area [of law] that any civil
complaint raising this select group of claims is necessarily
federal in character.")  Thus, a cause of action that appears on
its face to assert a state law claim may in fact assert a federal
law claim.  Id.  Accordingly, even when a plaintiff does not make
reference to a federal cause of action in his complaint, removal to
federal court may nonetheless be proper.  See BIW Deceived, 132
F.3d at 831.

    **C.    Reasonableness of Defendant's Notice of Removal**

        In  its  notice  of  removal,  defendant  argued  that
"plaintiff's  claims  arise,  at  least  in  part,  from  the  alleged
violation of . . . [FLSA and ERISA] . . . ." (Docket No. 1 at 2.)
On March 24, 2011, however, the Court determined that plaintiff's
claims were neither preempted by ERISA nor asserted under FLSA.
Although the Court has already established that plaintiff never
actually asserted a federal claim, the Court must now consider
whether defendant could have reasonably construed plaintiff's
complaint as containing claims arising under federal law, prompting
defendant to file notice of removal.

    **1.    Cause of Action Under FLSA**

        FLSA is a federal statute that prescribes standards
for public and private sector employment conditions including wages

Civil No. 10-1628 (FAB)                                                    6

and overtime pay. 29 U.S.C. §§ 201. As discussed in the Court's

opinion and order remanding this case:

> There is concurrent jurisdiction between state
> and federal courts for actions brought under
> the FLSA and there is no bar for removal of
> cases.  Breuer v. Jim's Concrete of Brevard,
> Inc., 538 U.S. 691, 693 (2003).  The statute
> has a civil enforcement mechanism that allows
> affected employees to file a complaint to
> obtain relief.  29 U.S.C. § 216(b).  In this
> case, however, plaintiff made no claim
> explicitly or implicitly under the FLSA.

(Docket No. 10 at 5-6.)

          Moreover, there is no way to reasonably construe the

complaint as containing a FLSA claim.  (See Docket No. 7-1.)  As

the Court noted in its opinion remanding the case, defendant

misquoted the complaint in its attempt to support the assertion

that plaintiff had made allegations arising under federal law.

(See Docket No. 10 at 6.)  The one reference to FLSA in plaintiff's

complaint is not actually part of any claim that FLSA was violated

and cannot be reasonably construed as stating a claim under federal

law.  (See Docket No. 7-1; See also Docket No. 10 at 6.)

          **2.    Cause of Action Under ERISA**

          Next, the Court must consider whether plaintiff's

claim could have been reasonably construed to state a claim arising

under ERISA.  ERISA is a federal statute designed to regulate

private employer-financed benefit plans. 29 U.S.C. §§ 1001. Section

514 of ERISA provides that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a).  "A state law 'relates to' an employee benefit plan, within the meaning of the preemption provision of ERISA, if it has a connection with or reference to such a plan."  Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007).   Furthermore, "[a] state law can be considered 'relate[d] to' a benefit plan, and thus preempted by ERISA, even if the law is not specifically designed to affect such plans, or the effect is only indirect."  Id. at 53 (quoting 29 U.S.C. § 1144(a)).  On the other hand, though, "[s]tate laws that have merely a 'tenuous, remote, or peripheral connection with a covered benefit plan,' may not be preempted by ERISA."  Boston Children's Heart Foundation, Inc. v. Nadal-Ginard, 73 F.3d 429 (1st Cir. 1996) (quoting Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 123 (1st Cir. 1995)).

          Plaintiff's complaint included allegations that may have been reasonably construed to be related to employee benefit plans.  (See Docket No. 7-1.)  Plaintiff alleges, for instance, that "respondent made contributions in favor of Omar San Antonio Trinidad directed to the individual retirement plan [of] an amount less than what was proper under law and/or the stipulated terms and conditions of employment."  Id. at 4.  In Simas v. Quaker Fabric

Civil No. 10-1628 (FAB)                                                    8
_____

Corp. of Fall River, 6 F.3d 849, 853 (1st Cir. 1993), the First

Circuit Court of Appeals noted that the preemption provision "is

construed expansively".  Furthermore, "the inquiry into whether a

state law 'relates to' an ERISA plan or is merely 'tenuous, remote,

or peripheral' requires a court to look at the facts of [the]

particular case."   Boston Children's Heart Foundation, Inc., 73

F.3d at 439-40 (quoting Rosario-Cordero, 46 F.3d at 125 n.2).  Thus,

given courts' historically liberal reading of ERISA and the factual

allegations in this case, defendant's notice of removal on ERISA

preemption grounds was not completely unreasonable.   See Simas,

6 F.3d at 853.

## III. Conclusion

    Although plaintiff's complaint could not have reasonably been

construed to state a federal claim under FLSA, it could have

reasonably been understood to state a federal claim under ERISA,

even though the Court has determined that it did not in fact state

such a claim.  (See Docket No. 10.)  Thus, the removing party did

not lack an objectively reasonable basis for seeking removal, and

an award of attorney's fees cannot be justified.  See Martin, 546

U.S. at 141.

    Furthermore, although removing the case to federal court

resulted in excess litigation, neither defendant nor defendant's

counsel "multiplie[d] the proceedings . . . unreasonably [or]

Civil No. 10-1628 (FAB)                                                    9

vexatiously" so as to warrant the imposition of sanctions against

them.   See 28 U.S.C. § 1927.   Defendant had an objectively

reasonable basis for seeking removal.   Therefore, even though

defendant's attempt to remove the case generated additional costs,

defendant's conduct was not so egregious as to justify the

imposition of sanctions against any attorney or party.   See id.

Accordingly, plaintiff's motion for attorney's fees and other

sanctions is **DENIED.**

   **IT IS SO ORDERED.**

   San Juan, Puerto Rico, August 1, 2011.


                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE